[Dkt. Ent. 1]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LATEEFAH BROWN,<br><br>    Plaintiff,<br><br>        v.<br><br>THE DIVISION OF YOUTH AND<br>FAMILY SERVICES and THE<br>HONORABLE DARRELL M. FINEMAN,<br><br>    Defendants. | Civil Action No. 14-cv-01598<br><br>ORDER |

   Plaintiff Lateefah Brown (the "Plaintiff") initiated this civil action against the Division of Youth and Family Services ("DYFS") and the Honorable Darrell M. Fineman ("Judge Fineman" and, together with DYFS, the "Defendants") with the filing of a complaint (the "Complaint") received on March 13, 2014. (Dkt. Ent. 1.) Plaintiff seeks leave to proceed without prepayment of fees and has submitted an Application to Proceed in District Court Without Prepaying Fees or Costs establishing that he lacks the financial ability to pay the filing fee. (Dkt. Ent. 1-4.) Based on Plaintiff's affidavit of indigence, the Court will grant this application pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to open this matter and file the Complaint.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must preliminarily screen in forma pauperis filings, and must dismiss any filing that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The Court has reviewed Plaintiff's Complaint and finds that it fails to state a claim upon which relief may be granted. Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

In addition, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "[A]n unadorned, the-defendant-unlawfully harmed-me accusation" does not suffice to survive a

motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). "[A] complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 311 (3d Cir. 2009).

Plaintiff's Complaint asserts a violation of her due process rights based on DYFS' removal of her child from her care and the court's finding that Plaintiff abused and/or neglected her child. (Compl. at 2.) Plaintiff alleges:

- "the trial court committed error by finding Lateefah Brown abused or neglected my child and the lower court's decision should be reversed";
- "the case should have been dismissed and my child should have been returned to my care the mother [sic] because the DYFS failed to prove by a preponderance of

3

>   the evidence that my child was abused or neglected by Lateefah Brown"; and
>
> - "the court committed error by awarding physical and legal custody to the father Lamarr Johnson." (Id.)

According to the documents Plaintiff attached to her Complaint, she appealed the family court's decision to the Superior Court of New Jersey, Appellate Division, asserting the same arguments she asserts herein. (See Ex. A, Dkt. Ent. 1-2.) The Appellate Division rejected these arguments and found that the decisions "were supported by adequate, substantial, and credible evidence in the record." (Ex. B, Dkt. Ent. 1-3.) Plaintiff now seeks to have the decisions of the family court reversed and compensatory damages awarded.

It is clear from Plaintiff's Complaint that this Court cannot award the relief sought as it is barred by the doctrines of issue preclusion and the Rooker-Feldman doctrine. Issue preclusion is derived from the principle that "a party who has had one fair and full opportunity to prove a claim and has failed in that effort should not be permitted to go to trial on the merits of that claim a second time." Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 324 (1971). Issue preclusion applies where "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and

4

valid judgment[]; and (4) the determination was essential to the prior judgment." Tate v. Morris Cnty. Prosecutors Office, No. 09-2440, 2011 WL 2652199, at *3 (D.N.J. July 5, 2011) (quoting Burlington N. R.R. Co. v. Hyundai Merck Marine Co., 64 F.3d 1227, 1231-32 (3d. Cir. 1995)). Here, it is clear from the attachments to the Complaint that Plaintiff is attempting to assert the same arguments made to the Appellate Division, which rejected those arguments and affirmed the family court decision. Accordingly, Plaintiff's claims are precluded here and must be dismissed with prejudice.

In addition, Plaintiff asks this Court to find that the family court's decisions were incorrect and overturn them. But the Court cannot award this relief. "The Rooker-Feldman doctrine deprives a federal district court of jurisdiction to review, directly or indirectly, a state court adjudication." Judge v. Canada, 208 F. App'x 106, 107 (3d Cir. 2006) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)). This doctrine precludes courts from evaluating "constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding." FOCUS v. Allegheny Cnty. Ct. of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996) (internal quotations omitted). "State and federal claims are inextricably intertwined (1) when in order to grant the federal plaintiff the relief

5

sought, the federal court must determine that the state court judgment was erroneously entered [or] (2) when the federal court must . . . take action that would render [the state court's] judgment ineffectual." ITT Corp. v. Intelnet Int'l, 366 F.3d 205, 211 (3d Cir. 2004) (internal quotation marks and citations omitted). "In other words, Rooker-Feldman precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling." FOCUS, 75 F.3d at 840 (quoting Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995)).

The Third Circuit has consistently affirmed district court determinations that the Rooker-Feldman doctrine prohibits suits brought in federal court pursuant to Section 1983 where, as here, plaintiffs challenge the judgments of state family courts. See, e.g., Gass v. DYFS Workers, 371 F. App'x 315, 315-16 (3d Cir. 2010) (affirming district court dismissal under Rooker-Feldman of claims asserted against state court judge, DYFS, DYFS officials, deputy attorneys general, and public defender attorney in underlying termination of parental rights action to the extent plaintiff challenged family court orders regarding custody of two minors); Johnson v. City of New York, 347 F. App'x 850, 851-52 (3d Cir. 2009) (affirming district court determination that claims were prohibited by Rooker-Feldman to the extent plaintiff sought review of family court decisions

6

regarding emergency removal of children from his home); McKnight v. Baker, 244 F. App'x 442, 444–45 (3d Cir. 2007) (affirming district court finding that the court lacked jurisdiction under Rooker-Feldman to review Section 1983 claims where crux of plaintiff's complaint was that defendants conspired to have the family court suspend his visitation rights with his daughter); McAllister v. Allegheny Cnty. Family Div., 128 F. App'x 901, 902 (3d Cir. 2005) (affirming district court dismissal of federal constitutional claims where plaintiff "plainly [sought] to void or overturn adverse rulings entered in the child-custody litigation" by state family court because such relief required "a finding that the state court ... made incorrect factual or legal determinations").

Similarly, courts within this District have repeatedly recognized that they lack subject matter jurisdiction to entertain claims which challenge adjudications made by state family courts. See, e.g., Reed v. N.J. Div. of Youth & Family Servs., Civ. No. 09-3765, 2012 WL 1224418, *3 (D.N.J. Apr. 10, 2012) (collecting cases); Severino v. Div. of Youth & Family Servs., Civ. No. 11-3767, 2011 WL 5526116, *1 (D.N.J. Nov. 14, 2011) (dismissing sua sponte pro se plaintiff's Section 1983 claims against defendants, including DYFS, DYFS caseworker, New Jersey State Court Judges, and a deputy attorney general, under Rooker-Feldman which challenged state court proceeding

7

terminating plaintiff's parental rights); Wilson v. Atl. Cnty. DYFS, Civ. No. 10-202, 2010 WL 2178926, at *5-6 (D.N.J. May 25, 2010) (dismissing plaintiff's complaint against local DYFS agency and state court judge and finding that Rooker-Feldman claims relating to the family court's issuance of a restraining order which effectively barred plaintiff from seeing his son because the claims were "inextricably intertwined" with the restraining order and amounted to a "prohibited appeal" from the family court adjudication); Kwiatkowski v. De Francesco, Civ. No. 01-6145, 2006 WL 2347831, *4-5 (D.N.J. Aug.11, 2006) (concluding that Rooker-Feldman barred constitutional claims because they were "a direct result of the actions taken by DYFS and the state courts" and were "so inextricably intertwined with the state court proceedings that federal review [was] precluded as it would be tantamount to appellate review of state court determinations.").

    Moreover, no matter how liberally the Court construes Plaintiff's Complaint, it is clear that her claims are barred under the doctrines of issue preclusion and Rooker-Feldman and, that no amendment could permit her to set forth viable claims. Thus, because amendment would be futile, the Court dismisses the Complaint with prejudice. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

FOR THESE REASONS,

**IT IS** on this, the **19th** day of **March 2014**, hereby

**ORDERED** that that, pursuant to 28 U.S.C. § 1915(a), the application by Plaintiff to proceed in forma pauperis is GRANTED; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is DISMISSED with prejudice pursuant to § 1915(e); and it is further

**ORDERED** that the Clerk of the Court is directed to close the file.

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        UNITED STATES DISTRICT JUDGE